STAR BUILDING AND LOAN ASSOCIATION, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. SAMUEL LERMAN, DEFENDANT-RESPPONDENT.

Submitted February 12, 1937—Decided July 7, 1937.

For the plaintiff-appellant, *Schotland & Schotland (Philip J. Schotland).*

For the defendant-respondent, *E. Garfield Gifford* and *William L. Greenbaum.*

The opinion of the court was delivered by

CASE, J.   This is an appeal by plaintiff from a judgment entered on a verdict for defendant directed by the trial court.

The action grounds in a written agreement for the sale and conveyance by the plaintiff to the defendant of a tract of land. The contract price was $12,000, to be paid in installments at fixed intervals until the sum of $2,000 should be paid, whereupon plaintiff was to deliver deed and to accept a purchase-money mortgage upon the lands for the remaining $10,000. Defendant, after paying the sum of $500, defaulted in his further payments. Plaintiff sued to recover the entire balance of the purchase price, $11,500.

Grounds of appeal not argued are considered as abandoned. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497, 501; *State* v. *Mohr,* 2 *N. J. Mis. R.* 261; *affirmed,* 101 *N. J. L.* 230; *State* v. *Snell,* 96 *Id.* 299; *State* v. *Heyer,* 89 *Id.* 187. The only point presented or argued on appellant's brief is that the trial court committed reversible error in directing the verdict. There can be no doubt that plaintiff's action was for the recovery of the entire contract price. Appellant thus states the theory of the suit: "The theory of plaintiff's action was that a seller of realty has a right to sue the buyer for the full purchase price * * *." No contrary contention is now made. It is clear therefore that the action was to recover that to which the plaintiff would not be entitled without delivery of deed. In such an instance it is the duty of the vendor to make tender of the deed before suing for recovery. The rule is stated in *Corby* v. *Ward,* 112 *Id.* 489 (at *p.* 492), and is supported by the cases there cited: "* * *. our cases from an early date seem to recognize the rule that the seller may tender a deed * * * and *then* sue for the purchase price as a debt. * * * The point stressed in all these cases is the *duty* of tender as a basis for suit in debt, but the right of recovery *after* tender goes without saying in each case." (Italics inserted.)

There was no preliminary tender of deed in the instant case, and it was for that reason that the verdict against plaintiff was directed. Against this it is argued that tender will be excused where the making of tender would be futile and that the question of futility *vel non* is for the jury. Whether for the court or jury, there can be no finding of futility with-

out evidence to sustain such a finding. The only evidence tending at all in that direction is that the defendant had not completed his payments in accordance with the contract. That is not sufficient. The fact that one obligated to pay has not paid does not of itself prove that he will not do so or that he will be unable to do so.

The complaint implies the necessity for tender. We quote its words: "Plaintiff * * * will tender and hereby offers to tender a proper deed * * *." Suit had then been begun. The tender, if it may be called this, was neither in due form nor in due season.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—THE CHIEF JUSTICE, DONGES, JJ. 2.